UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLUE RIBBON COMMODITY TRADERS, INC.,<br><br>          Plaintiff<br><br>    v.<br><br>PROGRESSO CASH & CARRY,<br><br>          Defendant. | CIVIL ACTION<br><br>No. 07-4122 |

**MEMORANDUM AND ORDER**

July 23, 2008

      Before the court is defendant Progresso Cash & Carry's ("Progresso") "Motion to Set Aside Order of Default and Default Judgment" entered against it for failure to respond to the complaint filed by plaintiff Blue Ribbon Commodity Traders, Inc. ("Blue Ribbon"). Docket No. 12. For the reasons that follow, Progresso's motion will be granted.

**<u>Background</u>**

      On October 1, 2007, Blue Ribbon filed a complaint against Progresso, asserting diversity jurisdiction, 28 U.S.C. § 1332(a)(1), and seeking damages in the amount of $175,746.73 for goods allegedly delivered to, but not paid for by, Progresso. Docket No. 1, at 2-3. According to the parties' submissions, Blue Ribbon served a summons and complaint on a secretary of Progresso, by personal service, at Progresso's Puerto Rico

address. Docket No. 6 at 1-2. A responsive pleading to the complaint was due, within twenty days of service, by October 26, 2007. *See* Fed R. Civ. P. 12(a)(1)(A)(i).

On October 29, Progresso retained Dennis Cruz Perez, Esq., as counsel. Perez Aff., Docket No. 12 at 11. That same day, Blue Ribbon filed a request for default judgment pursuant to Fed. R. Civ. P. 55(b)(1), Docket No. 7, and the Deputy Clerk entered a default judgment against Progresso in the amount of $175,746.73, with costs. Docket No. 8.

Then, on or circa October 31, Perez contacted Vaira & Riley, P.C. ("Vaira"). On November 1, Progresso formally retained Vaira as local counsel. Murray Aff., Docket No. 12 at 13. That day, a Vaira attorney, William J. Murray, attempted to call counsel for Blue Ribbon. He left a message with Blue Ribbon's receptionist, to which he received no reply.[1] Murray Aff., Docket No. 12 at 13. The next day, November 2, Mr. Murray and another attorney with Vaira, John E. Riley, filed Notices of Appearance for Vaira, and Progresso filed a pro hac vice motion on behalf of Mr. Perez. Docket Nos. 9-11.

Three days later, November 5, defendant filed the instant motion, pursuant to

---

[1] Significantly, another case in this district, *Blue Ribbon Commodity Traders, Inc. v. Quality Foods Distributors*, No. 07-4037, 2007 WL 4323001 (E.D. Pa. December 11, 2007), presents a similar fact setting. The cases involve the same plaintiff, and the defendants in both cases retained Mr. Perez, who in turn retained Vaira. In both cases William J. Murray (whom the *Quality Foods* court identified as William J. Riley) placed a phone call to counsel for plaintiff on November 1, which was not returned. The dispute underlying this phone call is the locus of the parties' disagreement in both cases. Because of the similarities between these two cases, this court will draw heavily upon Judge Kelly's reasoning in *Quality Foods*.

Rules 55(b) and 60(b) of the Federal Rules of Civil Procedure, to set aside and vacate the order of default and default judgment. Docket No. 12.

## Legal Standard

The legal standard for setting aside an entry of default and default judgment has been set forth with clarity by my colleague Judge Kelly in *Blue Ribbon Commodity Traders, Inc. v. Quality Foods Distributors*:

> Rule 55(c) provides that "for good cause shown the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) states, in pertinent part: "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). The Court has broad discretion in deciding whether to set aside a default judgment. *Momah, M.D. v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995). In general, defaults are not favored because the interests of justice are best served by reaching a decision on the merits. *Id*. The Third Circuit has explicitly stated it "does not favor default judgments and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987). Thus, motions to set aside default judgments are construed in favor of the movant. *Brokerage Concepts, Inc., v. Nelson Med. Group*, No. 99-5214, [] 2000 WL 283849 (E.D. Pa. Mar. 15, 2000).

No. 07-4037, 2007 WL 4323001, at *1. (E.D. Pa. December 11, 2007).

## Discussion

As Judge Kelly explained in *Quality Foods*:

> The Third Circuit has articulated a four-part test that courts must consider in deciding whether to set aside a default judgment. The Court must consider: (1) whether the plaintiff will be prejudiced if the default judgment is set aside; (2) whether the defendant has a meritorious defense; (3) whether the default was the product of defendant's culpable conduct; and (4) whether alternative sanctions would be effective.

*Quality Foods*, 2007 WL 4323001, at *2 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)).  While each of these factors must be considered, "the threshold consideration is whether the defendant has alleged facts which would constitute a meritorious defense."  *NuMed Rehabilitation, Inc. v. TNS Nursing Homes of Pennsylvania, Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999) (citing *Resolution Trust Corp. v. Forest Grove, Inc.*, 33 F.3d 284, 288 (3d Cir. 1994)).  Accordingly, the court will address this factor first.

### A.  Meritorious Defense

As Judge Kelly observed:

> [The court] must consider [whether the defendant] has presented a meritorious defense.  "The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute a complete defense to the action."  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  [The defendant] need not "prove beyond a shadow of a doubt that [it] will win at trial."  *Emcasco*, 834 F.2d at 74.  Rather, it is enough for [the defendant] to show that its defense is not "facially unmeritorious."  *Id*.  (quoting *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 123 (3d Cir. 1983)).  Nonetheless, it is not enough for a defendant to allege only "simple denials or conclusory statements."  *$55,510.05 in U.S. Currency*, 728 F.2d at 195.

*Quality Foods*, 2007 WL 4323001, at *2.

Progresso's primary defense is simply that it paid for the delivered goods in question.  Docket No. 12 at 4.  Blue Ribbon asserts that Progresso has not established a meritorious defense because it merely "disputes" the claims, and because it had ample time to obtain supporting documents.  Docket No. 13 at 5.  In its response brief, however, Progresso proffered documentation in support of its defense.  Blue Ribbon, in

its response, offers documents that, according to Blue Ribbon, contradict Progresso's claims. Docket No. 16 at 3.

However, the evidence that Blue Ribbon proffers is irrelevant to the question now before the court of whether Progresso's claims, *if true*, would constitute a meritorious defense. The court finds that Progresso's defense, if determined through the course of litigation to be true, would be meritorious. Accordingly, the court's inquiry into Progresso's defense is, for present purposes, complete.

### B. Prejudice to Blue Ribbon

A plaintiff may be prejudiced by the vacating of a default judgment when "[the] 'plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors.'" *Quality Foods*, 2007 WL 4323001, at *2. (quoting *Dizzley v. Friends Rehab. Program*, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001). Blue Ribbon asserts that allowing this action to continue will increase the risk that Blue Ribbon will be prejudiced by, among other things, loss of evidence and fraud. Docket No. 13 at 6. This risk, Blue Ribbon contends, is further increased by Progresso's anticipated litigation strategy of pursuing a change of venue. *Id*. Addressing these same arguments in *Quality Foods*, Judge Kelly stated that:

> However, as discussed in *Natasha C. v. Visionquest Ltd.*, "this type of speculative fear of loss of evidence does not suffice to display prejudice." [No. 03-1903, 2003 WL 21999591, at *3] (E.D. Pa. Aug. 26, 2003). The fact that Blue Ribbon will have to go forward with the merits of its case rather than simply obtaining a default judgment does not constitute prejudice. *Cassell v. Philadelphia Maint*. Co., 198 F.R.D. 67, 69 (E.D. Pa. 2000). Furthermore, "[d]elay in realizing satisfaction on a claim rarely

constitutes prejudice sufficient to prevent relief." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982).

2007 WL 4323001, at *2.

Here, Progresso filed its motion to set aside the default judgement only seven days after the judgment was entered. Blue Ribbon identifies no concrete risk of prejudice from this seven-day delay, and does not suggest that it relied on the entry of default. Therefore, like the court in *Quality Foods*, this court finds that such a delay will cause no prejudice to Blue Ribbon. *See, e.g., Dizzley*, 202 F.R.D. at 147-48 (holding that a three-month delay caused no prejudice); *Natasha C.*, 2003 WL 21999591, at *3 (holding that a two-month delay caused no prejudice). The court therefore finds that Blue Ribbon was not prejudiced.

### C. Culpable Conduct

As stated in *Quality Foods*:

> Rule 60(b)(1) allows a court to set aside a default judgment for "mistake, inadvertence, surprise or excusable neglect." Fed.R.Civ.P. 60(b)(1). The Court must therefore decide whether [the defendant's] failure to respond to the Complaint amounted to culpable conduct or excusable neglect. "Culpable conduct means actions taken willfully or in bad faith." *Gross*, 700 F.2d at 123-24. Culpable conduct can be inferred when a defendant exhibits "reckless disregard for repeated communications from either the plaintiff or the Court." *Kauffman v. Cal Spas*, 37 F.Supp.2d 402, 405 (E.D. Pa.1999).

*Quality Foods*, 2007 WL 4323001, at *3.

There is no evidence to suggest that Progresso has tried to capitalize on its delay in answering the complaint. Indeed, there is no evidence that Progresso's delay was intentional. The purpose of a sanction as severe as a default judgment is to deter

"flagrant bad faith." *Emcasco*, 834 F2d at 75 (citing *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). Accordingly, the court does not find that Progresso engaged in the sort of "culpable conduct" that would preclude an order setting aside a default judgment.

### D. Alternative Sanctions

Lastly, mindful that "[d]ismissal must be a sanction of last, not first, resort," *Emcasco*, 834 F.2d at 75, the court must consider whether to impose alternative sanctions. "[P]unitive sanctions are inappropriate absent evidence of bad faith or willful misconduct, or where the defendant sets forth a meritorious defense." *Quality Foods*, 2007 WL 4323001, at *4. (quoting *Royal Ins. Co. Of Am. v. Packaging Coordinators, Inc.*, No. 00-3231, 2000 WL 1586081, at *3 (E.D.Pa. Oct.24, 2000)). As discussed *supra*, defendant has not shown bad faith or willful misconduct, and has a meritorious defense. Thus, sanctions are inappropriate. *See Quality Foods*, 2007 WL 4323001, at *4.

### Conclusion

For the reasons above, the default judgment entered against Progresso will be vacated.

**ORDER**

For the reasons set forth in the accompanying memorandum, it is ORDERED that defendant's "Motion to Set Aside Order of Default and Default Judgment," Docket No. 12, is GRANTED. The Judgment of Default against Progresso Cash & Carry is hereby vacated and Progresso Cash & Carry shall have twenty days from the date of this Order to file a responsive pleading to plaintiff's complaint.

BY THE COURT:

/s/ Louis H. Pollak
_____ Pollak, J.

ddsa