UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLUE RIBBON COMMODITY TRADERS, INC., <br><br> Plaintiff <br><br> v. <br><br> PROGRESO CASH & CARRY, <br><br> Defendant. | CIVIL ACTION <br><br> No. 07-4122 |

Pollak, J.                                                                                                                                                        June 6, 2011

## OPINION

Now before the court is defendant Progreso Cash & Carry's ("Progreso") Supplemental Motion for Summary Judgment. (Docket No. 75.) Plaintiff Blue Ribbon Commodity Traders, Inc. ("Blue Ribbon") opposes the motion. (Docket No. 76.)

### I.

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is considered "material" if it "bear[s] on an essential element of the plaintiff's claim." *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Josey v. John R.*

*Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In examining the record before it, the court is "required to view the facts and draw inferences in the light most favorable to the nonmoving party." *Ray v. Twp. of Warren*, 626 F.3d 170, 173 (3d Cir. 2010).

The moving party bears the burden of informing the court of the basis for its motion and identifying the portions of the record that show that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where . . . the non-moving party bears the burden of proof at trial, summary judgment is appropriate if non-movants fail to 'make a showing sufficient to establish the existence of an element essential to [their] case.'" *In re TMI*, 89 F.3d 1106, 1116 (3d Cir. 1996) (quoting *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993)). Thus, in this case, the party bearing the burden of proof at trial, Blue Ribbon, "must 'go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.'" *Id.* (citing *Celotex*, 477 U.S. at 324). If Blue Ribbon fails to do so, summary judgment may be granted against it. Conversely, if Progreso fails to show that there is no genuine issue for trial, summary judgment may not be granted in its favor.

## II.

### A. Background

As discussed in this court's prior memorandum (Docket No. 60) of August 4,

2010, this long-running breach of contract action stems from a dispute between Blue Ribbon, a purveyor of meat products, and Progreso, a wholesale grocery business. This dispute stems from a common business relationship—Progreso purchased meat products from wholesaler Blue Ribbon, which now claims that Progreso failed to pay for certain orders of meat products. At issue presently are the circumstances surrounding two invoices issued by Blue Ribbon, invoice numbers 26179 and 26028, which correspond to purchase orders T-4157 and 03-11178, respectively.[1]

Purchase order T-4157 was an order for 1,350 units of frozen, boneless skinless chicken thighs. There is record evidence that shows the following: (1) Progreso ordered the chicken from Blue Ribbon; (2) the chicken was picked up and delivered to Florida by a company called Whoops Transport; (3) a company named Sea Star Line shipped the chicken from Florida to San Juan, Puerto Rico; (4) a different company named Marroig Transport delivered the chicken to Progreso in Puerto Rico; and (5) Blue Ribbon issued invoice number 26179 to Progreso, billing Progreso $50,760 for purchase order T-4157. (Docket No. 54, exs. 22–26.) Progreso does not dispute having (a) placed purchase order T-4157, and (b) received the shipment of chicken thighs corresponding to purchase order T-4157.

---

[1] There is one other unresolved claim in this suit related to invoice number 28901. (*See* Docket No. 60 at 2 n.3.) It is not addressed in the supplemental motion for summary judgment.

Purchase order 03-11178 was also an order for 1,350 units of frozen, boneless skinless chicken thighs. There is record evidence that shows the following. (1) Jose Santiago, Inc. ("JSI") ordered the chicken from Blue Ribbon (Docket No. 75, Jose Santiago Aff. & ex. A); (2) the chicken was shipped from Elizabeth, NJ, to San Juan, Puerto Rico, by a company called Horizon Lines, LLC, in container HRZU-580617-5 (Docket No. 75, ex. C); (3) the container was received by JSI in Puerto Rico (Docket No. 75, ex. E); and (4) Blue Ribbon issued an invoice to JSI, billing JSI $49,680 for purchase order 03-11178 (Docket No. 75, ex. B). At the same time, the record has additional evidence which shows the following: (1) Blue Ribbon recorded purchase order 03-11178 as being placed by Progreso; and (2) Blue Ribbon also issued invoice number 26028 to Progreso, billing Progreso $50,760 for purchase order 03-11178. (Docket No. 54, exs. 28–29.) Progreso disputes having placed and received this order of chicken, arguing instead that it was JSI who placed and received purchase order 03-11178.

This dispute focuses on whether Blue Ribbon received payment from Progreso for invoice number 26028, which billed Progreso for purchase order 03-11178, or for invoice number 26179, which billed Progreso for purchase order T-4157. The parties do not appear to dispute the following payment details: (1) Progreso issued a check to Blue Ribbon on April 15, 2005, for $112,179.68, referencing invoices 25802[2] and 26028

---

[2] 25802 is an unrelated invoice for $61,419.68 that the parties agree was properly paid by Progreso.

4

(Docket No. 54, ex. 27); (2) JSI issued a check to Blue Ribbon on April 18, 2005, for $49,680, in payment for the invoice for purchase order 03-11178 (Docket No. 75, ex. F). Progreso claims that a clerical error resulted in the reference to invoice 26028 when it intended to reference invoice 26179 (purchase order T-4157). Blue Ribbon claims that Progreso paid what it owed on invoice 26028, but remains delinquent on invoice 26179.

In resolving the prior motion for summary judgment, there was still some uncertainty regarding the circumstances of purchase order 03-11178 and JSI. The court ruled that there were three genuine issues of material fact: (1) whether Progreso ever ordered the chicken identified in purchase order 03-11178; (2) whether Progreso ever received that order; and (3) whether the chicken was in fact delivered to JSI and, thus, would mean that Progreso was not liable for the amount charged in invoice number 26028. (Docket No. 60 at 13.)

The court permitted Progreso to file a supplemental motion for summary judgment on the issues raised by invoice numbers 26028 and 26179, corresponding to purchase order numbers 03-11178 and T-4157, respectively. (Docket No. 74.) Progreso filed its motion, along with new exhibits, on November 23, 2010, and Blue Ribbon opposed the motion, and included new exhibits of its own, on December 3, 2010. (*See* Docket No. 75, 76.)

**B. Analysis**

The remaining disputes revolve around whether Progreso is liable to Blue Ribbon

for invoice number 26179. There are a few undisputed facts that guide the analysis:

(1) Progreso placed purchase order T-4157 with Blue Ribbon;

(2) JSI placed purchase order 03-11178 with Blue Ribbon;

(3) Blue Ribbon directed shipment of the chicken pertaining to purchase order 03-11178 to JSI;

(4) JSI received the chicken pertaining to purchase order 03-11178;

(5) Blue Ribbon invoiced JSI for purchase order 03-11178;

(6) Blue Ribbon also invoiced Progreso for purchase order 03-11178;

(7) JSI paid Blue Ribbon $49,680 for purchase order 03-11178; and

(8) Progreso paid Blue Ribbon $50,760 on April 15, 2005, for *either* purchase order T-4157 or purchase order 03-11178, and no other order.

Blue Ribbon opposes summary judgment, but it does not dispute the facts listed here. Moreover, Blue Ribbon has not asserted that there were two different purchase orders both numbered 03-11178. Instead, its opposition focuses primarily on the fact that purchase order 03-11178 and purchase order T-4157 had different prices per pound, different invoice numbers, and different shipment dates. These differences are not material, as discussed below.

Taken in the light most favorable to Blue Ribbon, the evidence shows that Blue Ribbon has received $49,680 for purchase order 03-11178 from JSI, and an additional $50,760 for the same purchase order from Progreso. The only evidence produced by

either party of delivery of the chicken relating to purchase order 03-11178 shows that the chicken was delivered to JSI, not Progreso. In sum, JSI both paid for, and received, the chicken relating to purchase order 03-11178. Thus, even if Blue Ribbon could show that Progreso *ordered* the chicken in purchase order 03-11178, Blue Ribbon would not be able to meet its burden of proof at trial of showing that Progreso both *received* that order of chicken, *and did not pay* for it. No reasonable jury could conclude to the contrary. There is no issue of material fact, then, on whether Blue Ribbon was paid for purchase order 03-11178 by JSI.[3]

The remaining question is whether Progreso remains liable to Blue Ribbon on invoice number 26179 (pertaining to purchase order T-4157) when Progreso indisputably paid Blue Ribbon $50,760 after receiving invoice number 26179, but referenced invoice number 26028 (pertaining to purchase order 03-11178). Blue Ribbon bears the burden of proof to establish that Progreso has not paid for the chicken in purchase order T-4157, and therefore, Blue Ribbon must point to evidence, which when taken in the light most favorable to Blue Ribbon, is sufficient to convince a jury that Progreso's $50,760 payment was not for purchase order T-4157. There is no dispute concerning who

---

[3] In one of many lengthy footnotes to its opposition to the supplemental motion for summary judgment, plaintiff argues that orders were "periodically cancel[l]ed or changed" (with exhibits in support of its argument), and thus, the court should draw no inference from the exhibits submitted by defendant in support of its motion. Whether orders are periodically cancelled or changed is of no moment; the key issue here is whether purchase order 03-11178 was actually received and paid for by JSI.

received and paid for purchase order 03-11178, and it is also undisputed that Progreso paid Blue Ribbon $50,760 some time after receiving the chicken in purchase order T-4157. Blue Ribbon does not contend, and has never contended, that the $50,760 payment could have been for anything other than either (i) purchase order 03-11178, or (ii) purchase order T-4157. The court thus concludes that a reasonable jury could come to no other conclusion than that the $50,760 payment could only have been for purchase order T-4157, because Blue Ribbon had already received payment from JSI for purchase order 03-11178. No reasonable jury could return a verdict for Blue Ribbon on this record, and thus, no genuine issue of material fact exists as to payment of invoice number 26179. *See Josey*, 996 F.2d at 637. Proving nonpayment is an essential element of Blue Ribbon's claim with respect to invoice number 26179, and summary judgment will accordingly be entered against plaintiff on this claim.

### III.

For the foregoing reasons, defendant's supplemental motion for summary judgment is granted.[4] An appropriate order accompanies this memorandum.

---

[4] The lone remaining claim in this dispute, then, is the $1,081.39 claim related to invoice number 28901 (purchase order number 01-13144). (*See* Docket No. 60 at 2 n.3.) The parties are directed to meet and confer to determine whether a settlement can be reached with respect to this remaining claim, sparing the time and expense of a trial.